UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM,<br><br>                    Plaintiff,<br><br>          v.<br><br>ARBOR LODGING PARTNERS LLC, et al<br><br>                    Defendants. | No.  2:22–cv–1689–TLN–KJN PS<br><br>ORDER TO SHOW CAUSE REGARDING MISJOINDER |

On September 27, 2022, plaintiff filed a fee-paid complaint initiating this action asserting ADA and state disability claims against the following four defendants: 1) Arbor Lodging Partners, LLC dba Piccadilly Inn; 2) HIE River Park, LLC dba Holiday Inn Express Fresno Riverpark; 3) Millenium Properties, LLC dba Hampton Inn Bakersfield; and 4) Nihal, LLC dba Holiday Inn Express Sacramento.[1]  (See ECF No. 1.)  It is unclear whether any defendant has been served, as no defendant has appeared or otherwise responded.  Because plaintiff's claims against all four defendants contain sufficient factual differences, plaintiff's claims against defendants fail to meet the permissive joinder requirements.  Accordingly, the

---

[1] Plaintiff appears without the assistance of counsel, and so this matter was referred to the undersigned under Local Rule 302(c)(21).

1

court orders plaintiff to show cause in writing why this action should not be severed among the four defendants pursuant to Federal Rule of Civil Procedure 21.

Legal Standards

Federal Rule of Civil Procedure 20 sets forth the requirements for permissive joinder. Plaintiffs may join multiple defendants in an action where a) any right to relief is asserted against them arising out of the same transaction, occurrence, or series of transactions or occurrences; and b) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20. There is no bright-line definition of "transaction," "occurrence," or "series." Nguyen v. CTS Elecs. Mfg. Sols. Inc., 301 F.R.D. 337, 341 (N.D. Cal. 2014). Instead, courts assess the facts of each case individually to determine whether joinder is sensible in light of the underlying policies of permissive party joinder. Id. (citing Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir.1997); see also Fed. R. Civ. P. 20(a)(2). Permissive joinder is designed to "promote judicial economy, and reduce inconvenience, delay, and added expense." Coughlin, 130 F.3d at 1350.

The court can dismiss a party or sever any claim against a party for misjoinder on its own initiative if the permissive joinder requirements have not been satisfied, so long as no substantial right will be prejudiced by the severance. Fed. R. Civ. P. 21; Hunt v. County of Orange, 672 F.3d 606, 617 (9th Cir.2012); Coughlin, 130 F.3d at 1350. Motions for severance, whether brought by parties or by the court, are non-dispositive motions. See Fed. R. Civ. P. 21 (misjoinder of parties is not grounds for dismissing an action). See Waterfall Homeowners Ass'n v. Viega, Inc., 283 F.R.D. 571, 580 (D. Nev. 2012), reconsidered on other grounds, No. 2:11-CV-01498-RCJ, 2012 WL 5944634 (D. Nev. Nov. 26, 2012). Therefore, plaintiff's claims against each defendant remain, but are heard separate from other claims.

////

////

Analysis

Here, plaintiff's federal and state disability claims against all four defendants appear to be based on a common question of law. However, the action fails to meet the permissive joinder requirements because plaintiff's claims against each defendant arise from separate occurrences and are based on different facts. Plaintiff asserted claims against four defendants who have no apparent contractual, agency, or other relationship. Plaintiff's interactions with defendant occurred on different dates. (See ECF No. 1 at 2.) While some similarities exist among the defendants (for instance, all defendants are places of public accommodation, all defendants allegedly lacked an accessible passenger loading zone), the facts alleged that give rise to plaintiff's claims against each defendant are sufficiently different:

- The Picadilly hotel in Fresno lacked grab bars for the bathtub, a curb ramp, accessible hallways to the laundry and exercise rooms, accessible doors to plaintiff's room and the public restroom, and adequate parking signage. (See id. at 2-3.)
- The Holiday Inn Express in Sacramento lacked an accessible check-in service counter, doors, iron, hair dryer, and microwave. (See id. at 4.)
- The Hampton Inn in Bakersfield lacked accessible doors, iron, hair dryer, microwave, and shower. (See id. at 4-5.)
- The Holiday Inn Express Riverpark in Fresno lacked an access ramp to a waiting bench in the passenger loading zone, and lacked accessible doors and showers. (See id. at 5.)

Maintaining all of plaintiff's alleged claims against all four defendants in one lawsuit would be unwieldy. Keeping the cases separate is required for effective case management and administrative efficiency. This means that plaintiff's case will proceed against the first defendant listed on the docket (Arbor Lodging, LLC dba Picadilly hotel), and plaintiff's claims against the

3

remaining defendants will be proceeded with separately. The clerk of court will establish separate docket numbers for plaintiff's actions against each of the defendants, and will include all of the docket entries in Case No. 22–1689 in each of the newly-created individual cases. Further, Plaintiff will be required to pay filing fees for each action against the remaining three defendants.

Given that the court is considering severance, plaintiff shall respond to the court's order within 14 days either accepting the court's proposed solution or explaining why this case should not be severed.

Accordingly, IT IS HEREBY ORDERED that:

1. Within 14 days of this order, plaintiff shall file a statement with the court indicating why defendants should be not be severed pursuant to Federal Rule of Civil Procedure 21; and
2. Failure to respond to this order, or failure to show good cause why this action should not be severed, will result in severance, and plaintiff will have to pay a filing fee for the other three cases.

Dated: October 12, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

rs, gast.1689