1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   FERNANDO GASTELUM,                        No.  2:22–cv–01689–TLN–KJN PS

12              Plaintiff,                      FINDINGS AND RECOMMENDATIONS

13        v.

14   ARBOR LODGING PARTNERS, LLC
     DBA, PICCADILLY INN, et al.
15
                Defendants.
16

17

18        Plaintiff brings suit against four defendant hotels for violations of the Americans with

19   Disabilities Act (ADA) and state disability access laws.[1]  (ECF No. 1 at 3.)  Plaintiff is a senior

20   citizen with physical disabilities that require use of a wheelchair and a specially equipped SUV

21   for mobility.  (Id. at 1.)  In May 2022, plaintiff lodged at the Piccadilly Inn in Fresno, California

22   and a Holiday Inn Express in Sacramento, California.  (Id. at 3.)  In August 2022, plaintiff lodged

23   at a Holiday Inn Express in Fresno, California, and a Hampton Inn in Bakersfield, California.

24   (Id.)  At each hotel, plaintiff encountered physical barriers that he alleges violate disability access

25   laws.  (Id. at 2.)

26        On September 26, 2022, plaintiff filed this action naming all four hotels as defendants.

27   ─────────────────

28   [1] Because plaintiff appeared pro se and filed his complaint with the required fee, this matter was
     referred to the undersigned under Local Rule 302(c)(21).

                                              1

1   (Id.)  The court stayed the case, ordering plaintiff to show cause why the action should not be

2   severed pursuant to Federal Rule of Civil Procedure 21.  (ECF Nos. 6, 7.)  Plaintiff filed a

3   response on October 26, 2022.  (ECF No. 10.)

4          Analysis

5          Federal Rule of Civil Procedure 20(a) provides that parties may be joined in one action as

6   defendants if "any right to relief is asserted against them jointly, severally, or in the alternative

7   with respect to or arising out of the same transaction, occurrence, or series of transactions or

8   occurrences" and "any question of law or fact common to all defendants will arise in the action."

9   Fed. R. Civ. P. 20(a)(2).  Plaintiff's allegations against the four defendant hotels do not meet the

10  transaction or occurrence requirement as the alleged violations arose from separate hotels acting

11  independently from one another.  Plaintiff's complaint does not allege that defendants acted as

12  part of a system, pursuant to a shared policy, or have any legal relationship with one another.  Cf.

13  United States v. Mississippi, 380 U.S. 128, 142-43 (1965) (permissive joinder requirements met

14  where defendants acted as part of a state-wide system designed to violate voting rights); Rush v.

15  Sport Chalet, Inc., 779 F.3d 973, 975 (9th Cir. 2015) (claims against multiple defendants arose

16  from the same transaction or occurrence by virtue of the landlord-tenant relationship).  Because

17  plaintiff has not met the transaction or occurrence requirement for permissive joinder, the

18  undersigned finds that defendants are misjoined.

19         Where parties are misjoined, the court may drop a party or sever the claims against that

20  party on its own motion.  Fed. R. Civ. P. 21.  Before dismissing any claims, the court must

21  determine whether dismissal will cause prejudice, such as "loss of otherwise timely claims if new

22  suits are blocked by statutes of limitations."  Rush, 779 F.3d at 975.  Here, the court finds plaintiff

23  will not be prejudiced because plaintiff's claims will not be time-barred upon dismissal.[2]  The

24

25  [2] Plaintiff argues he will be substantially prejudiced because he will be unable to pay the required filing fees for each action.  However, the court is not persuaded by plaintiff's argument.  If

26  plaintiff is unable to pay the required filing fees, plaintiff may seek leave to proceed in forma pauperis. 28 U.S.C. § 1915 (a)(1) (any court may authorize the commencement of any action

27  without prepayment of fees by a person who submits an affidavit that includes a statement of all assets such person possesses that the person is unable to pay such fees).  Corley v. Google, Inc.,

28  316 F.R.D. 277, 292 (N.D. Cal. 2016) (citing U.S.C. § 1915(a)) (explaining that where a plaintiffs

events giving rise to plaintiff's claims occurred in May 2022 and August 2022, thus plaintiff may attempt to pursue such claims in separate, timely actions upon dismissal.  See Counter v. Taras Invs., LLC, No. 21-cv-04368-VAP-MARx, 2022 WL 2234954, at *3 (C.D. Cal. Jan. 20, 2022) (Unruh Act claims are subject to a two-year statute of limitations); Estate of Stern v. Tuscan Retreat, Inc., 725 F. App'x 518, 526 (9th Cir. 2018) ("We have not decided the limitations period for Title III claims, but the only conceivable options are California's two-year personal injury provision and its three-year period for an action upon a liability created by statute.")

Accordingly, on the court's own motion, the undersigned recommends defendants HIE River Park, LLC (dba Holiday Inn Express Fresno Riverpark); Millennium Properties, LLC (dba Hampton Inn Bakersfield); and Nihal, LLC (dba Holiday Inn Express Sacramento) be dropped from the case.  See Fed. R. Civ. Proc. 21.  Should plaintiff elect to proceed with his claims against the dropped parties, plaintiff shall file three individual complaints and either pay the filing fee for each lawsuit against each defendant or seek leave to proceed against each defendant in forma pauperis.

## FINDINGS AND RECOMMENDATIONS

Accordingly, the undersigned finds defendants are misjoined. The undersigned RECOMMENDS that:

1. Defendants HIE River Park, LLC (dba Holiday Inn Express Fresno Riverpark); Millennium Properties, LLC (dba Hampton Inn Bakersfield); and Nihal, LLC (dba Holiday Inn Express Sacramento) be DISMISSED from this action;

2. The Clerk of Court shall terminate the dismissed defendants from this action; and

3. Should plaintiff elect to proceed with his claims against the dropped parties, plaintiff shall file three individual complaints and either pay the filing fee for each lawsuit against each remaining defendant or seek leave to proceed against each of the remaining defendants in forma pauperis.

---

lacks the financial resources to file a new complaint, the plaintiff can apply to proceed in forma pauperis and upon a showing that plaintiff is unable to pay, "a court may authorize the commencement of a suit without prepayment of the [required] filing fee....").

1        These findings and recommendations are submitted to the United States District Judge

2   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

3   days after being served with these findings and recommendations, any party may file written

4   objections with the court and serve a copy on all parties.  Such a document should be captioned

5   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6   shall be served on all parties and filed with the court within fourteen (14) days after service of the

7   objections.  The parties are advised that failure to file objections within the specified time may

8   waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir.

9   1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

10   Dated:  February 2, 2023

11

12                                                                  KENDALL J. NEWMAN
                                                                    UNITED STATES MAGISTRATE JUDGE
13   gast.1689

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28