UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM,<br><br>Plaintiff,<br><br>v.<br><br>ARBOR LODGING PARTNERS, LLC, d/b/a PICCADILLY INN,<br><br>Defendant. | No. 2:22–cv–1689–TLN-KJN PS<br><br>ORDER |

    Plaintiff filed this claim on September 26, 2022, alleging violations of the Americans with Disabilities Act, California's Unruh Civil Rights Act, and California's Disabled Person's Act. (ECF No. 1.) Defendant answered plaintiff's complaint on June 20, 2023. (ECF No. 14.) On June 28, 2023, the court ordered the parties to meet and confer within thirty days and file a joint status report within fourteen days of meeting and conferring. (ECF No. 15.)

    On August 14, 2023, defendant submitted a non-joint status report indicating that plaintiff failed to respond to defendant's meet and confer attempts. (ECF No. 16 at 1.) In light of defendant's representations, the court ordered that plaintiff show cause in writing why sanctions should not be imposed. (ECF No. 17.) On October 5, 2023, plaintiff responded to the court's order, alleging that plaintiff had made several attempts to contact defendant's counsel. (ECF No. 18 at 2-3, emails to dmeppen@grsm.com dated June 29, 2023, and July 6, 2023.)

1

**ORDER**

Accordingly, it is HEREBY ORDERED that:

1. The Order to Show Cause, ECF No. 17, is DISCHARGED;

2. In the interest of avoiding the accumulation of fees and costs through potentially unnecessary discovery and motion practice, and to allow the parties sufficient time to pursue an early informal resolution of this matter, this action is STAYED pending further order of the court;

3. The parties are directed to promptly meet and confer to discuss settlement of this action. Settlement discussions require focus and preparation and should involve the attorneys who will try the case and the person or persons having full authority to negotiate and settle the case on any terms. Plaintiff should initiate settlement discussions by providing a written itemization of damages and a meaningful settlement demand that includes an explanation of why the demand is appropriate.

4. Defendant should respond with an acceptance of the offer or with a meaningful counteroffer, and which includes an explanation of why the counteroffer is reasonable. The parties should continue in this way until they reach settlement or have exhausted informal settlement efforts;

5. If the parties have not been able to informally reach a settlement within 45 days, the parties shall initiate participation in the court's Voluntary Dispute Resolution Program ("VDRP") by contacting the court's VDRP administrator, Sujean Park, at (916) 930-4278 or SPark@caed.uscourts.gov;[1]

6. The parties shall carefully review and comply with Local Rule 271, which outlines the specifications and requirements of the VDRP; and

////

---

[1] The resources of the VDRP program are limited, and the parties are expected to make good faith efforts to timely and fully exhaust informal settlement efforts prior to initiating participation in the VDRP. The court will look with disfavor upon parties stalling or failing to participate in the above-mentioned initial informal discussions, prompting potentially unnecessary participation in the VDRP and straining the program's resources.

7. No later than fourteen (14) days after completion of the VDRP session, the parties shall jointly file their VDRP Completion Report, consistent with Local Rule 271(o).

Dated: October 23, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gast.1689

3